(No. 81-CC-199

JERRY BAUER, M.D., S.C., Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Order on motion for summary judgment filed May 23, 1983.*

*Opinion filed December 10, 1984.*

EPTON, MULLIN, SEGAL & DRUTH, LTD. (JEFFREY SANCHEZ, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

## OPINION

ROE, C.J.

This is a claim by a physician for payment for medical services provided a minor child, which minor child was in the care, custody, and control of the Illinois Department of Children & Family Services. The parties stipulated to the facts, filed cross-motions for summary judgment and memoranda in support thereof, and the Court has heard oral arguments.

The facts stipulated are as follows:

1. At all times relevant hereto, the Illinois Department of Children & Family Services (hereinafter the Department) had care, custody and control of the minor child, Kristopher Ivy.

2. Claimant, Jerry Bauer, M.D., a licensed physician and neurosurgeon, provided medical service to Kristopher Ivy during the period of June 16, 1980, through January 19, 1981. His initial services, namely operation and follow up, were rendered on an emergency basis. His services were later authorized by the Department.

3. Claimant performed a series of surgical procedures (summarized in an exhibit attached to this stipulation) on Kristopher Ivy during the period of June 16 , 1980, through January 19, 1981, for which he billed the Department a total of $7,670.00.

4. Claimant is affiliated with the University of Illinois Hospital where he teaches and cares for patients, not under the Illinois Department of Public Aid, or the custody of the Department, and he had no knowledge that the patient was under the care or custody of the Department when he first began to perform surgery and otherwise perform services for the patient.

5. The fee schedule Claimant used to bill the Department for the services provided to Kristopher Ivy is comparable to the fee schedule used by the University of Illinois Hospital which was attached to the stipulation as an exhibit.

6. The fee billed to the Department for the services provided to Kristopher Ivy is lower than Claimant's usual and customary fee for the same services.

7. The Department has made payments to the

Claimant which total $745.00 for the medical services he provided to Kristopher Ivy.

8. The IDPA-MAP pricing index authorizes a total fee for the surgical procedures and related services here at issue of $1,324.00.

By Order of this Court dated May 23, 1983, we awarded the Claimant $579.00, that amount having been found to be undisputedly owed. Thus the amount in controversy has been reduced to $6,346.00.

Having reviewed the record and considered the arguments, we find the issue to be whether or not the State can, in the absence of law or contract, unilaterally and retroactively impose a limitation on which is undeniably reasonable compensation for medical services rendered, and largely services of an emergency nature at that. No other defense was offered by the Respondent to limit the compensation due the Claimant other than urging us to apply rules which took effect after the services were rendered. This we will not allow.

As for the compensation sought, the only evidence is that the Claimant is affiliated with the University of Illinois Hospital where he teaches and treats patients, that his fee schedule is comparable to that used by said hospital, and that the amount billed was lower than Claimant's usual and customary fee for the same services.

It is hereby ordered that the Claimant be, and hereby is, awarded the sum of $6,346.00.